UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON WALKER, | ) |
| | ) |
| Plaintiff, | ) Case No. C05-0916-JLR-JPD |
| | ) |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) REPORT AND RECOMMENDATION |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Sharon Walker proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (the "Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, this memorandum recommends reversing the ALJ's decision and remanding for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-three-year-old woman with a tenth-grade education and daughter who does not reside with her. AR 91, 611, 700. 973. There is some evidence that she attended a

REPORT AND RECOMMENDATION
PAGE -1

school for slow learners. AR 768. She has work experience as housekeeper and sandwich maker, and last held a job in 1997. AR 625, 633-36.

On November 8, 2000, plaintiff filed an application for DIB and SSI.[1] AR 611-14. Plaintiff's applications alleged that she became disabled on March 11, 2000, as a result of bilateral carpal tunnel syndrome, bilateral bursitis in her shoulders, and shoulder and neck problems. *Id.* The Commissioner denied plaintiff's applications both initially and on reconsideration. AR 581-90.

Plaintiff filed a request for an administrative hearing and appeared with counsel before an ALJ on August 4, 2003. AR 591, 966-97. At the hearing, plaintiff amended her alleged onset to June 12, 1997, and also moved to open an earlier application.[2] AR 969. On January 9, 2004, the ALJ issued a partially favorable decision. AR 26-36. Although he refused to open plaintiff's prior application, the ALJ determined that plaintiff was disabled as of June 1, 2002, based upon medical vocational rule 201.09. AR 35. However, the ALJ also found plaintiff not disabled from March 15, 2000, to June 1, 2002, because he determined that she was capable of performing other jobs that exist in significant numbers in the national economy. *Id*. The Appeals Council denied plaintiff's request for review, making the ALJ's January 9, 2004, decision the Commissioner's final decision for purposes of judicial review. AR 14-16.

On May 23, 2005, plaintiff timely filed this civil action seeking review of the Commissioner's final decision as it relates to the period of March 15, 2000, to June 1, 2002 ("relevant period"). Dkt. No. 3.

---

[1] Plaintiff appears to have applied for SSI and DIB benefits several times in the past, but has been denied benefits in each case. AR 27.

[2] This appears to have been, in part, due to the fact that the March date was actually three days prior to the unfavorable decision rendered by a different ALJ in connection with one of plaintiff's earlier applications. AR 968-69.

## II. JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) (2005).

## III. STANDARD OF REVIEW

The court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *See* 42 U.S.C. 405(g); *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## IV. EVALUATING DISABILITY

As the claimant, Ms. Walker bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *See also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). The

REPORT AND RECOMMENDATION
PAGE -3

Social Security regulations set out a five-step sequential-evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must establish that she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant establishes that she has not engaged in any substantial gainful activity, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments or combination of impairments that limit his or her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant who meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether the claimant can still perform that work. *Id.* If the claimant is not able to perform her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Tackett*, 180 F.3d at 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On January 9, 2004, the ALJ issued a decision denying plaintiff's request for benefits,

which found:

1. The claimant has not engaged in substantial gainful activity since June 1, 2002.

2. The medical evidence establishes that the claimant has the following severe impairments: status post bilateral carpal tunnel release, degenerative disc disease, thoracic outlet syndrome, a depressive disorder, not otherwise specified and borderline intellectual functioning.

3. The claimant has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4. The claimant's mental impairments result in mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence and pace and she has had no episodes of decompensation of extended duration.

4. Prior to June 1, 2002, the claimant's assertions concerning her ability to work are not entirely credible as set forth above in this decision.

5. The claimant retains the residual functional capacity to perform light work. Additionally, she is limited to no overhead work and she should avoid jobs where repetitive stress injury is a common occurrence. The claimant also retains the mental ability to understand remember and carry out simple instructions; make simple work-related decisions necessary to function in unskilled work; respond appropriately to supervisors, coworkers and usual work situations and deal with changes in a routine work setting.

6. The claimant is unable to perform the requirements of her past relevant work.

7. On June 1, 2002, the claimant was closely approaching advanced age. For the period from March 15, 2000 to June 1, 2002, the claimant was a younger individual[.]

8. The claimant has a limited education.

9. The claimant has an unskilled work background. The claimant has no skills transferable to work, which she is capable of performing.

10. From June 1, 2002 based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of disabled is directed by medical-vocational rule 201.09.

11. For the period from March 15, 2000 to June 1, 2002, although the claimant's exertional limitations do not allow her to perform the full range of light work, using medical-Vocational Rules 201.18 and 202.10 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work cashier, lobby guard and flagger.

REPORT AND RECOMMENDATION
PAGE -5

01       12.    The claimant has been under disability, as defined in the Social Security Act, since June 1, 2002, but not before (20 CFR §§404.1520(f) and 416.920(f)).

02 AR 34-35.

03                         VI.  ISSUE ON APPEAL

04      The parties agree that the ALJ's decision below was deficient.[3]  The parties, however,

05 disagree on whether the case should be remanded for an immediate award of benefits or for

06 further administrative proceedings.

07                         VII.  DISCUSSION

08      If the Court determines that the ALJ erred, it has discretion to remand for further

09 proceedings or to award benefits.  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.

10 2002) (internal citations omitted).  The Court may direct an award of benefits where "the

11 record has been fully developed and further administrative proceedings would serve no useful

12 purpose."  *Id.*  More specifically, the Court may credit erroneously rejected evidence and

13 remand for an immediate award of benefits where:

14      (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved
15      before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he
16      considered the claimant's evidence.

17 *Id.* at 1076-77; *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  The Court, however,

18 retains the flexibility to remand for further administrative proceedings and may do so when

19 substantial questions remain unresolved.  *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir.

20 2003).

21

---

22     [3]Plaintiff's opening brief appears to raise six primary assertions of error:  (1) whether
23 the ALJ failed to properly evaluate the medical opinions of Dr. Johansen; (2) whether the ALJ provided sufficient reasons for rejecting the opinions of Dr. Choudhary; (3) whether the ALJ's
24 hypothetical question adequately accounted for plaintiff's poor intellectual functioning; (4) whether the ALJ's RFC and hypothetical question adequately accounted for plaintiff's
25 moderate deficit in concentration; and (5) whether the ALJ erroneously evaluated plaintiff's
26 credibility.  Dkt. No. 15.  She requests that these errors be corrected upon remand.  Dkt. Nos. 15, 20.  Plaintiff does not contest these errors.

### A. The ALJ Failed to Provide Legally Sufficient Reasons For Rejecting Plaintiff's Evidence.

The first inquiry necessary to determine whether to remand for benefits or for further proceedings is to determine whether the ALJ "failed to provide legally sufficient reasons for rejecting the claimant's evidence[.]" *McCartey*, 298 F.3d at 1076. Here, the parties agree that the ALJ did not provide adequate reasons for rejecting several medical opinions, including Dr. Johansen's July 2003 opinion and Dr. Choudhary's opinion. Dkt. Nos. 15, 19. They also agree that the ALJ improperly rejected plaintiff's testimony. *Id*. The first prong of the analysis is therefore satisfied.

### B. Outstanding Issues Remain That Must be Resolved Before a Disability Determination Can be Made.

The second inquiry necessary to determine whether this case should be remanded for further administrative proceedings centers on whether there are any "outstanding issues that must be resolved before a determination of disability can be made[.]" *McCartey*, 298 F.3d at 1076-77. In making this determination, the Court must be mindful of the fact that questions concerning a plaintiff's credibility suggesting remand for further administrative proceedings may be appropriate. *Connett*, 340 F.3d at 876.

In this case, outstanding issues exist as to both plaintiff's credibility and her ability to perform other work available in significant numbers in the national economy. The ALJ found that plaintiff's testimony regarding the impact of her impairments was "not entirely credible" and that her description of her daily activities was "inconsistent with her allegations of disabling pain." AR 31, 34. This is an important outstanding issue that is likely to affect the ALJ's understanding of the nature and extent of each of plaintiff's severe impairments. It is therefore appropriate for the ALJ to evaluate this issue on remand.

Additionally, there is an outstanding issue as to whether plaintiff can perform other work that exists in significant numbers in the national economy. The ALJ found that plaintiff was "capable of making an adjustment to other work prior to June 1, 2002." AR 34.

Specifically, the ALJ found that she was capable of working as a cashier, lobby guard, and flagger. AR 35. As discussed below, a disabled finding is not necessarily required at this state. Consequently, the question as to whether plaintiff can perform other work—even if the ALJ re-evaluates plaintiff's erroneously rejected evidence— remains the central outstanding issue in this case. A remand to determine whether plaintiff can perform other work is therefore necessary.

      C.    <u>The Record Does Not Necessarily Require the ALJ to Find Claimant Disabled During the Relevant Period</u>.

Finally, the Court must determine whether the ALJ would be required to find the claimant disabled had he properly considered the plaintiff's evidence. *McCartey*, 298 F.3d at 1077. Plaintiff argues that the ALJ would have found her disabled, had he considered the July 2003 opinion of treating Dr. Johansen, treating Dr. Chourday's opinion, and plaintiff's own testimony. Dkt. No. 15.

Dr. Johansen began treating plaintiff in July of 2001. AR 956. In a July 31, 2003, declaration, Dr. Johansen indicated that he was "dubious that [plaintiff] is a candidate for employability at the *current* time, both because of the chronicity of her problem as well as her ongoing inability to use either of her upper extremities for longer than a few minutes." AR 961 (emphasis added). He also offered testimony that could support plaintiff's allegations of symptoms beginning as early as June 12, 1997. AR 961. Similarly, in March 2001, February 2002, and March 2003, Dr. Choudhary opined that plaintiff's impairments rendered her severely disabled, unable to work, and unable to care for her child. AR 792-97. Although these opinions support plaintiff's argument that she is disabled, they do not require such a finding.

The parties appear to agree on the flaws in the ALJ's opinion that should be corrected upon remand. Specifically, the ALJ should (1) properly evaluate Dr. Johansen's July 2003 opinion; (2) properly evaluate Dr. Choudhary's opinions; (3) re-evaluate plaintiff's credibility; (4) properly consider plaintiff's moderate concentration deficit; and (5) properly evaluate

REPORT AND RECOMMENDATION
PAGE -8

plaintiff's borderline intellectual functioning.  Additionally, if the ALJ finds it of assistance, he may take additional testimony, including expert testimony, necessary to render a complete and accurate decision.

## VIII.  CONCLUSION

For the reasons discussed above, it is recommended that the decision of the Commissioner be reversed and remanded for further proceedings not inconsistent with this recommendation.

DATED this 6th day of February, 2006.

/s/ James P. Donohue
_____
JAMES P. DONOHUE
United States Magistrate Judge